United States District Court
Southern District of Texas
FILED

MAY 0 5 2003

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

VICTOR HUGO CAMARILLO, )
)
A70 793 304 )
)
) M-03-101
)
Petitioner, ) CIVIL ACTION NO. _____
)
)
Phillip Tutak, Interim Director Bureau of Immigration ) B-03-181
And Customs Enforcement (BICE) )
)
Respondents )

PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Petitioner Victor Hugo Camarillo (Mr. Camarillo), by and through his undersigned counsel, hereby respectfully petitions this Honorable Court for a writ of habeas corpus and to enjoin his removal from the United States. Petitioner also files this action for declaratory and injunctive relief to protect his rights under both the Due Process Clause of the Fifth Amendment to the Constitution and applicable federal law. In support of this petition, Petitioner alleges as follows:

CUSTODY

1. Mr. Camarillos in the physical custody of the BICE District Director of the detention facility located at Los Fresnos, Texas. He is under the direct control of Respondents and their agents.

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, the Immigration and Nationality Act (INA), 8 USC §1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 USC §701 *et seq.* This Court has jurisdiction under 28 USC §2241(c)(1) and (3), art I. §9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 USC §1331, as Mr. Camarillo is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. *See e.g., Henderson v. Reno*, 157 F.3d 106, 122 (2d Cir. 1998), *cert. denied sub. nom. Reno v. Navas*, 119 S. Ct. 1141 (1999) This Court may grant relief pursuant to 28 USC §2241, the APA, the Declaratory Judgment Act, 28 USC §2201 *et. seq.*, and the All Writs Act, 28 USC §1651.

3. Venue lies in the United States District Court for the Southern District of Texas, the judicial district in which BICE Interim District Director Mr. Phillip Tutak resides. 28 USC §1391(e).

## PARTIES

4. Petitioner Mr. Victor Hugo Camarillo is a native of Mexico. Respondents took Mr. Camarillo into custody on or about April 15, 2003, and have detained him since. Originally Petitioner had a Bond for 5,000 dollars. When Petitioner submitted the Bond money he was informed that his Bond had been cancelled and that he was going to be in expedited removal with out a court hearing.

5. Respondent Phillip Tutak is the Interim District Director of the BICE Harlingen District and is Mr. Camarillo's immediate custodian.

## EXHAUSTION OF REMEDIES

Mr. Camarillo has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action Respondent can not present his case in front of an immigration judge. Therefore, Petitioner has no other remedy. Furthermore, exhaustion is not required if there would be irreparable harm. *See, e.g., Richardson v. Reno*, F. Supp., 1998 WL 74229, *3 (S.D. Fla. February 13, 1998). Finally, exhaustion is not necessary where an agency's interpretation of a statute is clearly at odds with the statute's plain meaning. Id. The Immigration and Nationality Act requires exhaustion of administrative remedies only where an alien seeks judicial review of an actual order of removal, not review of a custody decision. Accordingly, Mr. Camarillo has exhausted his administrative remedies.

## STATEMENT OF FACTS

9. Petitioner Victor Hugo Camarillo (Mr. Camarillo) is an alien who has lived in the United States since 1988. He has four children ranging in ages from four to ten. Mr. Camarillo is a general contractor. He devotes his life to taking care of his wife and four children who are U.S. Citizens. They all reside together in Arkansas.

10. Mr. Camarillo was convicted in 1996 for Illegal Investment. He has no other convictions.

11. On April 4, 2003, Mr. Camarillo was detained by BICE. He was issued a Notice to Appaer and was given a 5,000 dollar Bond.

12. The immigration judge (IJ) scheduled Mr Camarillo's bond hearing for April 17, 2003. He has informed him that he has no authority to set bond for him. BICE claims that INA §238(b) mandates that he is eligible for an administrative removal order without a hearing before an immigration judge.

## LEGAL BACKGROUND

13. Mr. Camarillo is in custody pursuant to INA §236(c), 8 USC 1226(c), which mandates his detention without giving him an opportunity to demonstrate that he is not a danger or a flight risk and, therefore, that no purpose is served by his detention.

14. INA §236(c)(1) authorizes the Attorney General to take into custody an alien who has committed certain enumerated crimes only "when the alien is released" from criminal custody. INA §236(c)(1).

15. Although enacted September 30, 1996, this provision became effective only after the Transition Period Custody Rules expired on October 9, 1998, at which point §236(c) applied to all criminal aliens "released after" that date. IIRAIRA §303(b)(2).

16. Notwithstanding the plain language of §236(c)(1) and IIRAIRA §303(b)(2), the INS has applied §236(c) to individuals regardless of the date of their release from criminal custody. To date, all the courts which have considered this issue have struck down this INS practice as violative of the statute. *See Velasquez v. Reno*, __ F.Supp.2d __, 1999 WL 194198, at *7-*8 (D.N.J. Apr. 5, 1999); *Alwaday v. Beebe*, __ F.Supp.2d __, 1999 WL 184028, at *3 (D. Or. Jan. 29, 1999); *Reyes-Rodriguez*, 99 CV 0023 (S.D. Cal. Feb. 26, 1999); *Alves-Curras v. Fasano*, 98 CV 2295, slip op. at 3-4 (S.D. Cal. Feb. 2, 1999); *see also Pastor-Camarena v.* _____, 977 F. Supp. 1415, 1417-18 (W.D. Wash. 1997) (interpreting a similarly worded provision of Transition Period Custody Rules).

17. As a person residing in the United States, Mr. Camarillo is protected by every clause of the United States Constitution that is not expressly reserved to its citizens. This protection includes the Due Process Clause of the Fifth Amendment, which provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law," U.S. CONST. amend. V. *E.g., Plyler v. Doe*, 457 U.S. 202, 210 (1987); *Mathews v. Diaz*, 426 U.S. 67 (1976); *Yamataya v. Fisher*, 189 U.S. 86 (1903).

18. The Fifth Amendment also creates a procedural due process right to be heard at a meaningful time and in a meaningful manner, before a deprivation of liberty occurs. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

## FIRST CLAIM FOR RELIEF
### (Statutory Claim)

19. Mr. Camarillo realleges and incorporates by reference each and every allegation contained in the paragraphs 1 through 18 as if set forth fully herein.

20. Section 238(b) violates Mr. Camarillo's right to substantive and procedural due process by administratively removing him without any possibility of a hearing and final decision in his deportation or removal proceedings.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court grant the following relief:

(1) Grant the writ of habeas corpus;

(2) Issue an order enjoining Respondents from applying INA §238(b) to him, therefore, not administratively deporting him and to ordering them to conduct removal

proceedings; and,

(3) Grant any other and further relief which this Honorable Court deems just and proper.

Dated: May 5, 2003

Respectfully submitted,

Anthony Matulewicz
Federal Id. Number 15710
3503 W. Alberta Rd.
Edinburg, TX 78539
Phone (956) 972-0330
Fax (956) 972-0353