United States District Court
Southern District of Texas
FILED

JUL 07 2003

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| VICTOR HUGO CAMARILLO, ) | |
| ) | |
| Petitioner, ) | B-03-181 |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | M-03-101 |
| PHILLIP TUTAK, INTERIM DISTRICT ) | |
| DIRECTOR, BUREAU OF IMMIGRATION ) | |
| & CUSTOMS ENFORCEMENT ) | |
| ) | |
| Respondent. ) | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Counsel have conferred and submit herewith the Joint Discovery/Case Management Plan under Federal Rules of Civil Procedure 26(f).

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**The parties held their Rule 26(f) meeting by conference call on Monday, June 30, 2003, and Tuesday, July 1, 2003. Present were Anthony Matulewicz for the Petitioner, and Special Assistant U.S. Attorney Lisa Putnam for the Respondent.**

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

There is one case pending in the McAllen District relating to the issue of mandatory detention under 8 U.S.C. §1226. However, Plaintiff filed a voluntary dismissal motion on July 1, 2003:

>   M-03-109   Martin Villarreal-Guadarama v. Tutak

There is a case pending before the Fifth Circuit Court of Appeals relating to the issue of mandatory detention under 8 U.S.C. §1226:

>   02-41323   Reyna-Montoya (Gonzalez-Sanchez) v. Trominski

There are also cases pending in the Brownsville District relating to the issue of mandatory detention under 8 U.S.C. §1226:

>   B-02-107   Juan Larin-Ulloa v. Ashcroft
>
>   B-02-126   Lucina Hernandez de Montalvo, et al. v. Trominski & Ashcroft
>
>   B-02-227   Francisco Javier de Leon-Saevedra v. Trominski & Ashcroft

3.  Briefly describe what this case is about.

Petitioner seeks to challenge his continued detention pursuant to 8 U.S.C. §1226, requiring that aliens convicted of an aggravated felony be detained without bond during the pendency of their removal proceedings. He also seeks to challenge his removal pursuant to 8 U.S.C. §1228(b), which allows the Attorney General to remove aliens, who meet certain criteria, from the United States.

4.  Specify the allegation of federal jurisdiction.

Federal jurisdiction is proper under 28 U.S.C. §§ 1331, 1361 and 2201.

5.  Name the parties who disagree and the reasons.

**Respondent agree that federal jurisdiction is proper. However, the Respondent opine venue is not proper pursuant to 28 U.S.C. §1391(e). A civil action brought against an agency of the United States may be brought in any judicial district in which "(1) a defendant in the action resides, [or] (2) a substantial part of the events or omissions giving rise to the claim occurred ... ." 28 U.S.C. §1391(e). Petitioner has named Phillip Tutak, Interim Director, Bureau of Immigration and Customs Enforcement (BICE) for the Harlingen BCIS District. The Harlingen District is located in the Brownsville Division of the Southern District of Texas, not the McAllen District.**

6.  List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

**The parties do not anticipate adding any other parties.**

7.  List anticipated interventions.

**No interventions are anticipated.**

8.  Describe class-action issues.

**No class certification has been requested or anticipated.**

10. Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).
    B.  When and to whom the plaintiff anticipates it may send interrogatories.
    C.  When and to whom the defendant anticipates it may send interrogatories.
    D.  Of whom and by when the plaintiff anticipates taking oral depositions.
    E.  Of whom and by when the defendant anticipates taking oral depositions.
    F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(b)(B) (expert report).

**Respondent is opposed to discovery. The Federal Rules of Civil Procedure exempts several categories of cases from initial disclosure pursuant to Rule 26. Fed. R. Civil P. 26(a)(1)(E). "The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1): (i) an action for review on an administrative record; ... ." Fed. R. Civil P. 26(a)(1)(E)(i). This is a case in which the review is limited to the administrative record.**

**The Supreme Court has held that a habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Under the All Writs Act, 28 U.S.C. §1651, federal courts have the power to fashion appropriate modes of procedure, including discovery, to dispose of habeas petitions, but the broad discovery provisions of the Federal Rules of Civil Procedure do not apply. Id.; Harris v. Nelson, 394 U.S. 286, 295 (1969).**

**Petitioner has failed to show that anything in the possession of the Department of Homeland Security, outside the administrative record, any information that could assist this Court in making its decision on the petition for writ of habeas corpus.**

**Although Petitioner agrees that review should be limited to the administrative record, Petitioner has reason to believe that the administrative record is incomplete. Limited discovery should be allowed for the completion of the administrative record.**

11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Not applicable.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**No discovery has been undertaken as of this date.**

13. State the date the planned discovery can reasonably be completed.

**Since Respondent opposes discovery, a completion date is unknown.**

**Petitioner believes that discovery to complete the administrative record would take sixty days.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**At the present time, there does not appear to be a prompt settlement or resolution.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have discussed the possibility of resolving the matter, but have not reached an agreement.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**The parties do not believe that alternative dispute resolution techniques would be appropriate at this time.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on trial before a magistrate judge.

**Respondent is opposed in this case to a trial before a magistrate judge. Petitioner is not opposed to trial before a magistrate judge.**

5

18. State whether a jury demand has been made and if it was made on time.

**No jury demand has been made to date. The date for such demand has not passed.**

19. Specify the number of hours it will take to present the evidence in this case.

**Respondent opposed an evidentiary hearing in this case. The review of a habeas petition is limited to what was presented to the agency below. However, if an evidentiary hearing is held, the Respondent anticipates it will take less than half a day to present evidence in this case.**

20. List pending motions that could be ruled on at the initial pre-trial and scheduling conference.

**No motions are pending at this time.**

21. List other motions pending.

**An unopposed motion for continuance is pending.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**The parties have not identified any other matters peculiar to this case that deserve the special attention of the Court.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Respondent certify that they filed their disclosure of interested parties on June 12, 2003.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

PETITIONER'S COUNSEL:

Anthony Matulewicz
Texas Bar No. 13234358
MATULEWICZ & ASSOCIATES
3503 W. Alberta Rd.
Edinburg, Texas  78539
Phone:  (956) 972-0330
Fax:    (956) 972-0353


RESPONDENT'S COUNSEL:

Lisa M. Putnam
Georgia Bar No. 590315
Special Assistant U.S. Attorney
Department of Homeland Security
Office of the Chief Counsel
P.O. Box 1711
Harlingen, Texas  78551
Phone:  (956) 389-7051
Fax:    (956) 389-7057


                                  Respectfully Submitted:

COUNSEL FOR PETITIONER:      Anthony Matulewicz
                                  Texas Bar No. 13234358
                                  MATULEWICZ & ASSOCIATES
                                  3503 W. Alberta Rd.
                                  Edinburg, Texas  78539
                                  Phone:  (956) 972-0330
                                  Fax:    (956) 972-0353

BY: _____[signature]_____ for Anthony Matulewicz
        Counsel for Petitioner   WITH PERMISSION

COUNSEL FOR RESPONDENT:        MICHAEL T. SHELBY
                                United States Attorney
                                Southern District of Texas

                                *[signature]*
                                LISA M. PUTNAM
                                Special Assistant U.S. Attorney
                                Georgia Bar No. 590315
                                Federal Bar No. 23937
                                P.O. Box 1711
                                Harlingen, Texas 78551
                                Phone:  (956) 389-7051
July 1, 2003                    Fax:    (956) 389-7057