*13*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 4 2003

Michael N. Milby, Clerk

| | |
|---|---|
| VICTOR HUGO CAMARILLO, )<br><br>Petitioner, )<br><br>v. )<br><br>PHILLIP TUTAK, INTERIM DISTRICT )<br>DIRECTOR, BUREAU OF IMMIGRATION )<br>& CUSTOMS ENFORCEMENT )<br><br>Respondent. ) | CIVIL ACTION NO.<br>M-03-101<br><br>**B-03-181** |

### RESPONDENT'S RETURN AND MOTION TO DISMISS
### PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW the Respondent, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and, files this return and motion to dismiss.  The Petition fails to state a claim upon which relief can be granted.

### STATEMENT OF THE FACTS

The Petitioner, Victor Hugo Camarillo, ("Camarillo") is an illegal alien who entered the United States on or about July 1, 1988.  Camarillo was never admitted or paroled into the United States by an immigration officer and is removable pursuant to

§212(a)(6)(A)(I) of the Immigration and Nationality Act ("Act"),
8 U.S.C. §1182(a)(6)(A)(I).  He has no lawful status that
authorizes him to be in or remain in the United States.

An indictment was filed on July 26, 1995, charging
Camarillo with the offense of illegal investment.  He was
charged under the Tex. Health & Safety Code Ann. §481.126 for
intentionally and knowingly financing and investing funds
Camarillo knew or believed were intended to further the
commission of the offense of illegal investment in a controlled
substance when he negotiated with undercover officers to
purchase cocaine.  Government Exh. A.  On May 29, 1996, he plead
guilty to the offense and was sentenced to ten years
imprisonment, but the imposition of the sentence was suspended
and he was placed on probation for ten years.  Government Exh.
B.  Based on this conviction, Camarillo is removable from the
United States pursuant to either §212(a)(2)(A)(i)(II) of the
Act, 8 U.S.C. §1182 (a)(2)(A)(i)(II), for a violation of a law
relating to a controlled substance, or §237(a)(2)(B) of the Act,
8 U.S.C. §1227(a)(2)(B), for a violation of a law relating to a
controlled substance, and §237(a)(2)(A)(iii) of the Act, 8
U.S.C. §1227(a)(2)(A)(iii), for an aggravated felony.[1]

---

[1] The type of proceeding (hearing before an immigration judge or
expedited removal) determines the proper removability charge.

Sometime in early 2003, a sheriff's deputy in Marshall, Texas, stopped Camarillo for a traffic violation. During the stop, the deputy determined Camarillo was wanted in Cameron County, Texas, on an outstanding warrant of arrest for probation violations (failing to pay fees and/or fines). After paying his arrears, Camarillo was turned over to the Department of Homeland Security ("DHS") for possible removal. Once processed, Camarillo was transported to DHS's detention center near Port Isabel, Texas. He remains detained there pursuant to §236 of the Act, 8 U.S.C. §1226.

On April 21, 2003, Camarillo was placed in expedited removal proceedings by the issuance of a Notice of Intent to Issue a Final Administrative Removal Order pursuant to §238(b) of the Act, 8 U.S.C. §1228(b). Government Exh. C. A Final Administrative Removal Order was issued on April 21, 2003. Pursuant to the requirements of §238(b) of the Act, 8 U.S.C. §1228(b), the Deciding Service Officer found Camarillo was not a citizen or national of the United States nor an alien lawfully admitted for permanent residence, that Camarillo had a final conviction for a crime defined as an aggravated felony pursuant to §101(a)(43) of the Act, 8 U.S.C. §1101(a)(43), and that he was removable based on that conviction pursuant to §237(a)(2)(A)(iii) of the Act, 8 U.S.C. §1227(a)(2)(A)(iii).

3

Camarillo reserved his right to have the decision reviewed a Circuit Court by filing a petition for review. Government Exh. D.  The petition must be filed within fourteen days after the final order was issued.

On May 5, 2003, Camarillo filed the instant petition for writ of habeas corpus.  He did not file a petition for review with the Fifth Circuit Court of Appeals.

## ARGUMENT

### I.   CAMARILLO IS LEGALLY DETAINED PURSUANT TO §236 OF THE ACT, 8 U.S.C. §1226

Section 236 of the Act, 8 U.S.C. §1226, authorizes the Attorney General to arrest and detain an alien pending a decision on whether the alien is removable from the United States. §236(a) of the Act, 8 U.S.C. §1226(a).  The Act further mandates the Attorney General to detain, without bond, aliens removable from the United States for having been convicted of certain crimes. §236(c) of the Act, 8 U.S.C. §1226(c).  A conviction of an offense defined as an aggravated felony or a violation of a law relating to a controlled substance are two such qualifying crimes. See §236(c)(1)(A) & (B) of the Act, 8 U.S.C. §1226(c)(1)(A) & (B).

4

Camarillo has been convicted of an offense defined by the Act as an aggravated felony.  He has been convicted of a drug trafficking crime.  See §101(a)(43)(B) of the Act, 8 U.S.C. §1101(a)(43)(B); Tex. Health & Safety Code Ann. §481.126. Having been convicted of an aggravated felony, Camarillo is subject to mandatory detention pending the outcome of his removal proceedings.  The United States Supreme Court found that the mandatory detention provisions of the Act are "a constitutionally permissible part of" removal proceedings. Demore v. Kim, 538 U.S. _____ (2003).  Camarillo's detention does not violate his due process rights.

Therefore, based on the foregoing, Camarillo's claim that his detention, without the opportunity for release, violates the due process provisions of the constitution must fail.

## II.  EXPEDITED REMOVAL PROCEEDINGS DO NOT VIOLATE CAMARILLO'S RIGHT TO DUE PROCESS

Camarillo asserts that expedited removal proceedings pursuant to §238(b) of the Act, 8 U.S.C. §1228(b), deprive him of a fair and impartial hearing.  As explained below, Camarillo's due process claim lacks merit.

The essence of Camarillo's argument is that leaving the decision to the Attorney General to determine whether he is an

illegal alien who has been convicted of an aggravated felony crime, without a full hearing before an Immigration Judge, violates his right to due process.  Camarillo's complaint against the expedited removal procedures is simply unpersuasive. Under the expedited removal procedures, Camarillo has had ample opportunity to challenge the determination that he is subject to expedited removal proceedings.  Section 238(b)(3) of the Act, 8 U.S.C. §1228(b)(3), expressly provides Camarillo with the right to seek judicial review in the event that he believes that the Government improperly placed him in expedited removal proceedings.

In view of the foregoing, Camarillo had a full and fair opportunity to contest the appropriateness of expedited removal proceedings.   Furthermore, Camarillo's argument that due process is violated in the absence of a hearing before an Immigration Judge has been soundly rejected by Supreme Court precedent upholding the Government's dual adjudicatory and prosecutorial functions.  Marcello v. Bonds, 349 U.S. 302, 311, 312-13 (1955) (rejecting argument that the proceeding so lacked "fairness and impartiality as to make the procedure violative of due process" where "the special inquiry officer was subject to the supervision and control of officials in the Immigration Service charged with investigative and prosecuting functions");

6

accord <u>U.S. v. Benitez-Villafuerte</u>, 186 F.3d 651, 659-60 (5th
Cir. 1999).

Camarillo's due process argument should also be rejected
for the additional reason that he has not alleged, and cannot
show, any prejudice as a result of being placed in expedited
removal proceedings.  In order to prevail on a due process
challenge to immigration proceedings, Camarillo must establish
prejudice.  <u>United States v. Torres-Sanchez</u>, 68 F.3d 227, 230
(8th Cir. 1995).  "Actual prejudice exists where defects in the
deportation proceedings 'may well have resulted in a deportation
that would not otherwise have occurred.'" <u>Id.</u> (quoting <u>United
States v. Santos-Vanegas</u>, 878 F.2d 247, 251 (8th Cir. 1989)).

Based on the record in this case, which Camarillo does not
challenge, he is <u>an illegal alien who has never been admitted to
lawful permanent residence</u>.  Furthermore, Camarillo has been
convicted of an aggravated felony crime.  Camarillo was,
therefore, properly ordered removed pursuant to §238(b) of the
Act, 8 U.S.C. §1228(b), which authorizes the Attorney General to
institute expedited removal proceedings against an aggravated
felon who is not lawfully admitted for permanent residence.

Since Camarillo cannot show how he was prejudiced by the
alleged due process violation, he cannot prevail in a due
process challenge.

7

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be denied.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Georgia Bar No. 590315
July 10, 2003                Federal Bar No. 23937

8

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondent's Return and Motion to Dismiss the Petition for Writ of Habeas Corpus was mailed via first class mail, postage prepaid to:

> Anthony Matulewicz, Esquire
> MATULEWICZ & ASSOCIATES, P.C.
> 3503 W. Alberta Rd.
> Edinburg, TX  78539

on this 11th day of July, 2003.


LISA M. PUTNAM
Special Assistant United States Attorney

**9**



IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the     JULY

Term, A. D. 19 95 , of the        197TH JUDICIAL DISTRICT                    In and for

said County, upon their oaths in said Court, present that `VICTOR HUGO CAMARILLO, ²FRANCISCO
RODRIGUEZ GONZALEZ, ³CALIXTO
ALMAZAN OLVERA, ⁴RUBEN LERMA
RODRIGUEZ AND ⁵JOSE LUIS
hereinafter called Defendants,    BENAVIDEZ

on or about the      1ST         .day of      JULY          A. D One Thousand Nine

Hundred and    NINETY-FIVE         and anterior to the presentment of this indictment, in the County of

Cameron and State of Texas, did then and there unlawfully , intentionally and knowingly

finance and invest funds the Defendants knew and believed were intended

to further the commission of the offense of ILLEGAL INVESTMENT, a

controlled substance, namely, On July 1, 1995, Defendants negotiated

with undercover officers to buy cocaine, at the Lone Star Store located

at F.M. 800 in Cameron County, Texas,

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

BY _Carol Dupie_____DEPUTY
       Carol Dupie

against the peace and dignity of the State.

_Jerry M. Spruiell_
Foreman of the Grand Jury

95-CR- 946-E

AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the within and fore-

going is a true and correct copy of the Original Bill of Indictment, filed in said Court on_____

_____A. D. 19____ in Cause No._____ styled the State of Texas vs.

_____

_____

Given under my hand and seal of said court, at office in Brownsville, Texas, this_____day

of_____A. D. 19____

AURORA DE LA GARZA , Clerk

By_____Deputy

---

THE STATE OF TEXAS

No._____

**INDICTMENT**

OFFENSE:

ILLEGAL INVESTMENT

VICTOR HUGO CAMARILLO, FRANCISCO RODRIGUEZ GONZALEZ, CALIXTRO ALMAZAN OLVERA, RUBEN IRMA RODRIGUEZ AND JOSE LUIS BENAVIDEZ

LUIS V. SAENZ
Criminal County Attorney

A TRUE BILL:

_____
Foreman of Grand Jury

Filed on ___ JUL 26 1995 ___ 19___

AURORA DE LA GARZA, CLERK OF
DISTRICT COURTS OF CAMERON
COUNTY TEXAS
By_____Deputy

Amount of Bail $_____

NAMES OF WITNESSES

CAMARILLO 83370
GONZALEZ 83372
OLVERA 83369
RODRIGUEZ 83373
BENAVIDEZ 83371

GOVERNMENT
EXHIBIT
_β_

JUN 18 96

CAMERON WILLACY COUNTIES
CSCD OFFICE

CAUSE NO. 95-CR-946-E

COMPUTER INPUT

THE STATE OF TEXAS                )          IN THE DISTRICT COURT OF

VS                                :          CAMERON COUNTY, TEXAS

VICTOR HUGO CAMARILLO             )          103RD JUDICIAL DISTRICT

### PROBATION JUDGMENT

BE IT REMEMBERED that on the 14th day of December, 1995 this cause was called for trial, and the State appeared by her Assistant Criminal District Attorney, and the Defendant appeared in person, his counsel by employment, the Hon. Arnulfo Guerra, also being present, and all parties announced ready for trial, and the Defendant, in open court, in person, after having been duly arraigned, pleaded guilty to the charge in the Indictment. The Defendant was admonished by the Court of the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on this Court. The Court further inquired as to existence of any plea bargaining agreements between the State and the Defendant and determined that there were no such agreements. It plainly appearing to the Court that the Defendant is mentally competent and that his plea is free and voluntary the said plea was by the court received and is now entered upon the Minutes of the Court as the plea herein of said Defendant. Thereupon, the Defendant, in person in open Court, having waived the right of trial by jury in writing, requested the Court to approve the waiver of jury. The Court then determined that such waiver in writing, signed by the Defendant, had been filed herein before the defendant entered his plea of guilty and that the attorney representing the State had consented in writing to such waiver. The consent and approval of the Court for the Defendant to waive the right of trial by jury was then granted.

WHEREUPON, the Defendant proceeded to trial before the Court, who having heard and considered the pleadings and evidence offered recessed cause, without adju..c.ic..  guilt until May 20, 1996, pending a pre-sentence report on the Defendant.

THEREAFTER, on May 20, 1996, this cause was again called for hearing and both sides having announced ready to proceed, and the

Court having received and studied the pre-sentence report on the Defendant and having considered the pleadings and evidence offered, is of the opinion therefrom and so finds, that the Defendant is guilty of the offense of Illegal Investment, as charged in the indictment, which offense was committed on July 1, 1995, in Cameron County, Texas.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Defendant, VICTOR HUGO CAMARILLO, is guilty of the offense of Illegal Investment, as charged in the Indictment, as confessed by him in his plea of guilty herein made.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant be punished by confinement in the Texas Department of Criminal Justice - Institutional Division for a period of ten (10) years, plus a fine of $5,000.00, and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which execution will issue.

The said Defendant having made application in due time and form for probation under the Adult Probation and Parole Law of this State on his conviction herein, and the Court being of the opinion and finding from the evidence herein that the Defendant, VICTOR HUGO CAMARILLO, should be placed on probation, and that the imposition of sentence under the Judgment of this Court herein shall be and the same is hereby suspended for a period of ten (10) years from the date hereof. Said probation and suspension of imposition of said sentence shall be conditioned that the Defendant during the entirety of the term of probation shall:

    (a)  Commit no offense against the laws of this State or any other State or of the United States;

    (b)  Avoid injurious or vicious habits;

    (c)  Avoid persons or places of disreputable or harmful character;

    (d)  Report to the Probation Officer at the Probation Office monthly between the first and tenth day of each month;

    (e)  Report to the Probation Officer (in addition to the reporting required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Probation Officer;

    (f)  Permit the Probation Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g) Work faithfully at suitable employment as far as possible;

(h) Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the Court to leave the county and filed it in the papers of this cause;

(i) Pay every month between the first and tenth day of the month beginning in the month next following entry of this Judgment, until the fine of $5,000.00 shall have been paid;

(j) Pay court costs in the sum of $146.50 in equal monthly installments, beginning in the month next following the date of entry ofthis Judgment;

(k) Pay a probation fee of $40.00 per month every month of the probationary period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $4,800.00 shall have been paid;

(l) Support Probationer's legal dependents; .

(m) The Court orders the Defendant to participate in the Intensive Supervision Program, described by Section 3.11, Article 42.121 of Texas Code of Criminal Procedure at the direction of the Court and the probation officer. It further orders that the defendant participate in the probation department's Intensive Supervision Probation program for a period of six (6) months and shall obey all its rules and regulations.

(n) Within ten (10) days after the event, report in writing to the Probation Officer any arrest of probationer and/or criminal charge filed against probationer;

(o) File with the Probation Officer at the Probation Office between the first and tenth day of every month next following a default in any payment required of Probationer by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred;

(p) File with the Probation Officer at the Probation Office between the first and tenth day of every month next following a calendar month in which Probationer was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by Probationer to secure and hold employment during the entire month in which not gainfully employed 150 hours;

. By the term "the Probation Officer" as used herein is meant any Cameron County Adult Probation Officer; by the term "Probation Office" is meant the Cameron County Adult Probation Office, First Floor, Cameron County Hall of Justice, Brownsville, Texas; by the term "Probationer" is meant the Defendant in this cause.

All payments required of Probationer by this Judgment shall be paid within the time specified at the Probation Office to the Probation Officer for which Probationer shall receive the Probation Officer's sequentially numbered receipt evidencing payment.

All payments received under this Judgment shall be forthwith deposited by the Probation Officer in the Cameron County Adult Probation Trust Fund in the County Depository and thereafter disbursed in accordance with the District Courts' Order of August 29, 1985 recorded in Volume CR73, Page 112, of the Minutes of this

Court.   Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

    1.   to the District Clerk of Cameron County, Texas for court costs in the amount of $146.50;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis.   All other payments made under this Judgment shall await further written order of the Court, as per the District Courts' Order of August 29, 1985.

This Court conformed to the plea bargaining agreement in assessing the above punishment and reserves all rights vested in it by law to control by its further orders, the modification and termination of the provisions of the probation hereinabove set out, its jurisdiction being thereby expressly reserved until the satisfactory fulfillment of the conditions of said probation.

IT IS FURTHER ORDERED by the Court that Defendant's right thumb be fingerprinted, and that said fingerprint be marked as Exhibit "A" and is made a part hereof for all purposes.

SIGNED FOR ENTRY: May 27_____, 1996.

_____
Judge Presiding


A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

BY _____ DEPUTY
Carol Dupre

AURORA DE LA GARZA, CLERK
MAY 2 9 1996

Irene Garcia

CAUSE NO. 95-CR-546-E

I acknowledge receipt of a copy of the
Probation Judgement in the above cause and the
conditions of probation have been thoroughly
explained to me by Officer _____
and    understand my duties and responsibilities
thereunder

X _____  7-29-96
Probationer



**In removal proceedings under section 238(b) of the Immigration and Nationality Act.**

File No: A70 793 304

To:    Victor Hugo CAMARILLO-Cervantes

Address:    PISPC, Route 3, Box 341, Los Fresnos, TX  78566

(Number, street, city, state and ZIP code)

Telephone:    (956)547-1700

(Area code and phone number)

Pursuant to section 238(b) of the Immigration and Nationality Act (Act), 8 USC 1228(b), the Immigration and Naturalization Service (Service) has determined that you are amenable to expedited administrative removal proceedings. The determination is based on the following allegations:

1. You are not a citizen or national of the United States.
2. You are a native of ___Mexico___ and a citizen of ___Mexico___.
3. You entered the United States at or near ___Brownsville Texas___ on or about ___July 1, 1988;___
4. You were then not admitted or paroled after inspection by an Immigration Officer.
4. You are not lawfully admitted for permanent residence.
5. You were, on ___May 19, 1996___ convicted in ___the 103rd Judicial District Court of Cameron County, Texas___ for the offense of **Illegal Investment,** in violation of the Health and Safety Code 481.126 of the Texas Penal Codes for which a term of 10-years imprisonment was imposed.

**Charge:**
You are deportable under Section 237(a)(2)(A)(iii) of the Act, 8 USC 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act, 8 USC 1101(a)(43).

Based upon section 238(b) of the Act, the Service is serving upon you this NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER ("Notice of Intent") without a hearing before an Immigration Judge.

**Your Rights and Responsibilities**
You may choose to be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding. If you wish legal advice and cannot afford it, contact legal counsel from the list of available free legal services provided to you.

You must respond to the above charges in writing to the Service address provided below within 10 calendar days of service of this notice (or 13 calendar days if service is by mail). In your response you may: request, for good cause, an extension of time; rebut the charges stated above (with supporting evidence); request an opportunity to review the government's evidence; admit deportability; and/or designate the country to which you choose to be removed in the event that a final order of removal is issued(which designation the Service will honor only to the extent permitted under section 237 of the Act).

You may seek judicial review of any final administrative order by filing a petition for review within 14 calendar days after the date such final administrative order is issued, or you may waive such appeal by stating, in writing you desire not to appeal.

Louis D. Castle
Supervisory Deportation Officer

Los Fresnos, Texas                    04/21/03

(Signature and title of issuing officer)    (City and state of issuance)    (Date and time)

---

**Certificate of Service**
I served this Notice of Intent. I have determined that the person served with this document is the above named individual.

Pete Olivarez Jr., Deportation Officer                    In Person

(Signature and title of officer)                    (Date and manner of service)

☒ I explained and/or served this Notice of intent to the alien in the ___Spanish___ language.
Name of Interpreter _____
Location/Employer    Port Isabel Service Processing Center, Los Fresnos, Texas

Form I-851 (Rev. 4-1-97)N

**I ACKNOWLEDGE THAT I HAVE RECEIVED THIS NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER**

_____        4-21-03
(Signature of respondent)        (Date and Time)

☐ Alien refused to acknowledge receipt of this document

Pete Olivarez Jr., Deportation Officer        4-21-03
(Signature and Title of Officer)        (Date and Time)

---

## I WISH TO CONTEST

I contest my deportability because: *(Attach any supporting documentation:*

☐   I am a citizen or national of the United States
☐   I am a lawful permanent resident of the United States
☐   I was not convicted of the criminal offense described in allegation number 6 above
☐   I am attaching documents in support of my rebuttal and request for further review

_____  _____  _____
(Signature of Respondent)      (Printed Name of Respondent)      (Date and Time)

---

## I DO NOT WISH TO CONTEST

☒   I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I wish to be deported to _____Mexico_____.

☒   I also waive the 14 day period of the Final Removal Order.

_____  Victor Hugo CAMARILLO-Cervantes  04/21/03
(Signature of Respondent)      (Printed Name of Respondent)      (Date and Time)

_____  Pete Olivarez Jr.  04/21/03
(Signature of Witness)      (Printed Name of Witness)      (Date and Time)

---

## RETURN THIS FORM TO:

### United States Department of Justice
### Immigration and Naturalization Service

PISPC
Rt. 3 Box 341
Los Fresnos, Texas  78566

**ATTENTION:**

Form I-851 (Rev. 4-1-97)N



U.S. Department of Justice
Immigration and Naturalization Service

**Final Administrative Removal Order**

## FINAL ADMINISTRATIVE REMOVAL ORDER
### UNDER SECTION 238(b) OF THE
### IMMIGRATION AND NATIONALITY ACT

File No: A70 793 304

Date: April 21, 2003

To: Victor Hugo CAMARILLO-Cervantes

Address: PISPC, Route 3, Box 341, Los Fresnos, TX  78566
(Number, street, city , state and Zip code)

Telephone: (956)547-1700
(Area code and phone number)

### ORDER

Based upon the allegations set forth in the Notice of Intent to Issue a Final Administrative Removal Order and evidence contained in the administrative record, I, the undersigned Deciding Service Officer of the Immigration and Naturalization Service, make the following findings of fact and conclusions of law. I find that you are not a citizen or national of the United States and that you were not lawfully admitted for permanent resident. I further find that you have a final conviction of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101(a)(43), and are ineligible for any relief from removal that the Attorney General may grant in an exercise of discretion.  I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii). By the power and authority vested in the Attorney General and in me as the Attorney General's delegate under the laws of the United States, I find you deportable as charged and order that you be removed from the United States to

Mexico                         or to any alternate country prescribed in section 241 of the Act.

Francisco J. Venegas
(Signature of Authorized INS Official)

Acting Officer in Charge
(Title of official)

April 21, 2003, Harlingen, Texas Field Office
(Date and office location)

Petition for review:    ☐  Waived by respondent.
                        ☒  Reserved by respondent.

### Certificate of Service
I served this FINAL ADMINISTRATIVE REMOVAL ORDER upon the above named individual.

04/21/03, PISPC, Los Fresnos, Texas, in person
(Date, time, place and manner of service)

Pete Olivarez Jr., Deportation Officer
(Signature and title of officer)

Form I-851A(Rev. 4/1/97)N