United States District Court
Southern District of Texas
FILED

SEP 15 2003

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| VICTOR HUGO CAMARILLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | M-03-101 |
| PHILLIP TUTAK, INTERIM DISTRICT ) | |
| DIRECTOR, BUREAU OF IMMIGRATION ) | B-03-181 |
| & CUSTOMS ENFORCEMENT ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S REPLY TO PETITIONER'S ANSWER
TO RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

COMES NOW the Respondent, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and, files this reply to the Petitioner's answer to Respondent's motion to dismiss.

In his answer, Petitioner, Victor Hugo Camarillo ("Camarillo") asserts that, if he were placed in immigration proceedings, he would be eligible to apply for relief from removal pursuant to §212(h) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §1182(h). Although Camarillo is correct in his conclusion that a waiver pursuant to §212(h) of the Act,

8 U.S.C. §1182(h) is available to him only if he is placed in immigration proceedings before an immigration judge, he incorrect in his conclusion that he is eligible for §212(h) of the Act, 8 U.S.C. §1182(h) relief.

Section 212(h) of the Act, 8 U.S.C. §1182(h), allows the Attorney General, or his delegate, to waive certain grounds of inadmissibility if certain criteria are met. This provision can waive removability based on a conviction of a crime involving moral turpitude (§212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. §1182(a)(2)(A)(i)(I)), multiple convictions (§212(a)(2)(B) of the Act, 8 U.S.C. §1182(a)(2)(B)), a conviction for prostitution or commercial vice (§212(a)(2)(D) of the Act, 8 U.S.C. §1182(a)(2)(D)), criminal aliens immune from prosecution (§212(a)(2)(E) of the Act, 8 U.S.C. §1182(a)(2)(E)), or a drug conviction for **a single offense of simple possession of 30 grams or less of marijuana** (§212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. §1182(a)(2)(A)(i)(II)) (emphasis added).

Camarillo has been convicted of an offense involving the purchase of cocaine. See Respondent's Return and Motion to Dismiss, Exhs. A & B. Although Camarillo is removable from the United States pursuant to §212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. §1182(a)(2)(A)(i)(II), the offense does not involve the simple possession of 30 grams or less of marijuana, but instead

2

involves illegal investment in a drug transaction. Camarillo is not eligible for relief pursuant to §212(h) of the Act, 8 U.S.C. §1182(h).

## CONCLUSION

For the foregoing reasons and those set out in Respondent's Return and Motion to Dismiss, the petition for writ of habeas corpus should be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

September 15, 2003

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondent's Reply to Petitioner's Answer to Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus was mailed via first class mail, postage prepaid to:

>Anthony Matulewicz, Esquire
>MATULEWICZ & ASSOCIATES, P.C.
>3503 W. Alberta Rd.
>Edinburg, TX  78539

on this 15th day of September, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney

4