United States District Court
Southern District of Texas
FILED

OCT 03 2003

Michael N. Milby, Clerk

United States District Court
Southern District of Texas
ENTERED

OCT 06 2003

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| Victor Hugo Camarillo<br>　　Petitioner | § § § § | |
| vs. | § § | CIVIL ACTION NUMBER<br>M-03-101 |
| Phillip Tutak, Interim Director<br>Bureau of Immigration and<br>Customs Enforcement (BICE)<br>　　Respondent | § § § § § | B-03-181 |

## MEMORANDUM &
## ORDER FOR TRANSFER OF VENUE

Pending before the court is the "PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF" which is founded, *inter alia*, upon 28 U.S.C. § 2241. (Docket Entry #1, at ¶ 2.) Petitioner, who is a native of Mexico, has lived in the United States since 1988 and is currently under the custody of Respondent at the federal immigration detention facilities in Los Fresnos, Texas. (<u>Id.</u>, at ¶¶ 1, 4, 9.) Apparently, Petitioner faces removal from this country based on a prior conviction. (<u>Id.</u>, at ¶¶ 10, 12.)

Respondent suggests that venue for this action should lie in the Brownsville Division of the Southern District of Texas. (Docket Entry #10, at ¶ 5.) As such, the court will consider the propriety of a venue transfer pursuant to 28 U.S.C. § 1404(a). The

1

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____ Deputy Clerk

court notes that, when venue is inappropriate, a court may transfer a *habeas corpus* petition to an appropriate forum *sua sponte*. See, e.g., Verissimo v. Immigration and Naturalization Service, 204 F. Supp. 2d 818, 820 (D. N.J. 2002) (immigration-related *habeas* litigation).

The court has broad discretion under § 1404(a), and other district courts have used that discretion when a *habeas* petitioner has filed in an improper venue. See, e.g., Lewis v. Ashcroft, 2003 WL 22056396, *2 (E.D. N.Y. Sept. 4, 2003) (immigration-related *habeas* litigation). Factors to be considered in determining the appropriate venue for a § 2241 petition include (1) where the material events at issue took place, (2) where records and witnesses relevant to the petitioner's claim are to be found, and (3) the convenience of the forum for both the petitioner and the respondent. See, e.g., Martinez v. Ashcroft, 2002 WL 1471588, *1 (E.D. N.Y. May 30, 2002) (immigration-related *habeas* litigation); Sanchez v. Ashcroft, 2001 WL 483476, *1 (E.D. N.Y. April 4, 2001) (immigration-related *habeas* litigation). Further, venue considerations may, and frequently will, argue in favor of adjudication of the *habeas* claim in the jurisdiction where the *habeas* petitioner is confined. See, e.g., Tri v. Immigration and Naturalization Service, 1998 WL 827557, *1 (N.D. Cal. Nov. 20, 1998) (immigration-related *habeas* litigation).

In light of the foregoing, the court has considered the

totality of the record. Factors weighing in favor of transfer to the Brownsville Division include the following:

- Petitioner is being detained in Los Fresnos, Cameron County, Texas. (Docket Entry #1, at ¶ 1.)

- Respondent is a federal official in Harlingen, Cameron County, Texas. (Docket Entry #1, at ¶ 5.)

- Respondent's counsel works from Harlingen, Cameron County, Texas. (See, e.g., Docket Entry #6, at page 3.)

- Petitioner's underlying legal issues in state court arise from Cameron County, Texas. (See, e.g., Docket Entry #13, Exhibits "A," "B.")

- The relevant underlying federal administrative proceedings against Petitioner have occurred in Cameron County, Texas. (See, e.g., Docket Entry #13, Exhibits "C," "D.")

In reality, it seems that this case's sole connection to the McAllen Division seems to be the fact that Petitioner's counsel works from Edinburg, Hidalgo County, Texas. (See, e.g., Docket Entry #1.) Hence, while Petitioner's choice of forum is an important consideration, it is overwhelmed by the other considerations.

The relevant factors, when considered in their totality, suggest that Petitioner's case should be adjudicated in the Brownsville Division of the United States District Court for the Southern District of Texas. See 28 U.S.C. §§ 124, 1391. Thus, for the convenience of the parties and witnesses, and in the interest of justice, this case is ordered TRANSFERRED to the Brownsville Division of the United States District Court for the Southern

3

District of Texas.[1]  28 U.S.C. § 1404(a).  The clerk of this court shall forward a copy of the memorandum and order to the parties by certified mail.

**SIGNED** at McAllen, Texas, on October 3rd, 2003.

                                                  *Dorina Ramos*
                                                 Dorina Ramos
                               UNITED STATES MAGISTRATE JUDGE

---

[1] The clerk of this court shall effectuate the transfer.